May it please the court, my name is Raymond Sakai, on behalf of defendant and appellant Los Angeles County Sheriff's Deputy Steve Lankford. The two issues on appeal raise questions of law, specifically whether taking the evidence that the district court would have evaluated in denying qualified immunity, whether there was a clearly established violation of plaintiff's constitutional rights. If you were to do that, then on what basis could you conclude that a reasonable police officer would not have known better than to show up at a house, set it on fire, not advise the fire department after it, not make a 9-11 call, advise the fire department when it shows up that there's nobody in the house, despite the fact that there are people running out saying that there are, doesn't offend the Constitution? Your Honor, there's a lot of questions in that question. Well, of course, but that's the whole point. You just got through saying assume everything in the plaintiff's favor, and then make a legal conclusion. So I'm assuming everything in the plaintiff's favor, and I'm asking you, if you do that, how could you – on what basis do you suggest that we conclude that a reasonable police officer wouldn't have known better than to do that? Well, under Johnson v. Jones, since the district court didn't issue any findings of law or any findings of fact or any conclusions of law, it's not a human right. Well, you'd never do that on a summary judgment because you're not making any findings of fact. All you're doing is determining whether there are triable issues of fact. And the problem with what the district court didn't do was that it deprives the defendant and the court of the basis of deciding whether or not denial of the qualifying immunities is proper. Your life and mine both would be a lot easier if you would take a stab at my question. And my question is, if you take all of the facts in the light most favorable to the plaintiff such that you do end up with just a legal issue, on what basis could we conclude that a reasonable police officer situated similarly to Langford would not have known better than to do those things? Under the analysis required by Johnson, we look at what the district court would have assumed in denying qualified immunity. Which is what I had just tried to say. He would have assumed the facts in the light most favorable to the plaintiff. And the litany of those facts I just laid out. Now, if you can't answer the question, I'm going to assume from the lack of an answer that there is no answer, which is what I think is the answer. I'm sorry if I'm not being as direct as possible, but a defendant's argument is that what was properly in front of the district court and what the district court would have properly assumed, giving all deference to the district court, that they would have only assumed what was properly in front of them, properly supported, would have been that the proper universe of facts in which they were, were what Your Honor has recited. And the defendant's argument is that you would have the deposition testimony of Elizabeth Moropoulos and you have the deposition testimony of Nathan Moropoulos and you have the deposition testimony of Don Moropoulos, and then the question that defendants look at is whether or not the declaration of the expert would have been. I didn't include that, did I? Well, the only thing to answer the question, then, the universe of facts that the district court would have assumed would be simply that the defendant was at the scene of the incident and that he made some statements to the firefighters on what he believed the state of the fact to be, that you know what, I could just stop with one fact. How could a reasonable police officer standing at the scene of a burning house possibly not make a 9-11 call? Well, that fact is not supported or is not in the record. There's no 9-11 call was made. But that fact is not in the record. The only fact in the record are the statements of that go to the fire are from Elizabeth Moropoulos. And from her personal knowledge, she stated she left the house, she saw defendants in front of the house, in back of the house, and the firefighters came. There's nothing in the record to support the allegation that no 9-11 call was made or that defendant did anything else other than stand there. And as a matter of law, standing there at the scene of any incident is not a violation of the 14th Amendment or Fourth Amendment. As cited by defendants, there is simply no duty to undertake protective services. So at the worst, what we have here is a case of negligence. And negligence doesn't implicate the Fourth Amendment or the Fourteenth Amendment. So on to the next one. Sotomayor, do we have jurisdiction over this case? The Court does. And the issue here is you're not even asking for a remand. The defendant would ask for that if, if, if, if, if, if, if, if, if, if, if, if, if, if, if, if, if, if, if, if, if, if, yes. Even if it were to go against you, it would at least clarify the record for trial and it would vindicate defendants' right to a qualified criminal justice. Well, I'm sorry. I don't understand what a remand would accomplish. I mean, if we affirm, if we dismiss the appeal for lack of jurisdiction, you're going to trial, right? That's correct. If we affirm, to the extent that there is any legal issue, if we affirm, you're going back to trial, right? So there's nothing to remand for, is there? Well, I think you're just going back to trial. There would be the request to be remanded for the court to issue findings or conclusions of law as to what exactly. I just wanted the court to clarify its order. Exactly. Because when we look at this order right now and we look at, when I look at the record, I see a host of evidentiary disputes. And, therefore, I would think that this is one of those cases over which we do not have jurisdiction because it seems to me that it's reasonable to infer that Judge Hatter denied summary judgment because there were genuine issues of material fact as to what was the actual conduct that occurred. And so that's where I would tend to, that's what I would take from Judge Hatter's order, that you want to remand so that he can clarify whether he, in fact, ruled that way or, in fact, ruled taking all the facts and the light was favorable to the plaintiff that your clients prevail. I frankly don't think, I think that would be somewhat futile because I really don't think that's what happened based on reading the record. And the problem with the state of the order is that defendant is denied of his right to a qualified immunity appeal. And qualified immunity, as this Court knows, the policy behind that is that there would be an immunity from suit, and it should be resolved at the earliest possible stage, so law enforcement, public officials.  Well, Mr. McHigh, the point, the point is you have two, two routes. If, if, if there are triable issues of fact that you disagree with the sufficiency of the evidence on, we don't have jurisdiction to consider it. That's all. On the other hand, if you take the position that regardless of triable issues of fact, as a matter of law, taking the facts and the light most favorable to the plaintiff, the law is not clearly established that there was a constitutional violation. But you can't say why that's so. So, so you do have the opportunity to appeal, but you, there's no basis for it. The defendant's argument is that under the proper review that, that is faced with this Court based on the, the lack of the order by the district court, is that just the appellate court has to look at what was properly in front of the, in front of the court and what the court could assume. And in that assumption, we're giving the, the district court the benefit of the doubt. That's the only way. Well, Mr. McHigh, tell me of the facts I've mentioned at the beginning, what facts were not properly before the court? He was there for no reason that appears in the record. The house was burning down. He told somebody that the, that nobody was in there, despite the fact that kids came out saying there were people in there. What, what's improper about those facts? I'm not putting into my universe of facts anything in the expert declaration. I'm just taking the facts that are averred in the light, most fair place. Now, it may turn out at trial that none of those facts has any significance. But you've got to take it that way. Now, tell me why those don't add up to a constitutional violation. First, as a matter of a, a Fourth Amendment violation, there would have to be an improper seizure. The only way we could get to an improper seizure here is if defendant, or there was a finding by, by, or determination that there was a material issue as to whether or not defendant set the fire. If you take out the expert declaration, which we, we should assume that the district court did, did, because it was not properly in front of it, then all you have is defendant Lankford, he's, he's on duty, he's a sheriff's deputy, he's patrolling, he shows up to the scene of the fire. And even based on, say we were to accept just the factual statements in the expert's declaration, the fire department wasn't even called either. The fire department was in the area, it showed up to the fire because it saw the smoke. Defendant Lankford, on duty, shows up to the scene for the same reasons.  Kagan. Everything in the plaintiff's favor. Lankford didn't say, I, I showed up because I saw smoke. Even if we assume that Lankford was there for no reason, for no good reason, for, for just any reason, he was just there, the mere presence of, of a public official of a law enforcement officer at the scene of an incident doesn't implicate the Fourth Amendment. There is, there is no probable issue as to whether or not there was a, a, a seizure in violation of the Fourth Amendment if we don't, if we do not get to the expert declaration. And then we get to the, the Fourteenth Amendment issue. Well, the only thing in the record is that Elizabeth Maropolis said, defendant Lankford was talking to the firefighters when they arrived at the scene. Defendant Lankford said, there's no one else in the house. Elizabeth said, yes, there are. And then the firefighters went in after Nathan Maropolis went in. Well, what we have here, then, is taking all the facts in the light most favorable to the plaintiff's, is that defendant Lankford may have been negligent in his assessment of the situation. I mean, there's nothing in the record, even taken in the light most favorable to the plaintiff, that, that defendant Lankford knew who was in the house, knew if anyone was in the house at all, or knew if the house was full of people. All we have is that defendant Lankford was at the scene of the incident. The incident was rapidly evolving. And he gave an assessment to the firefighters about what he believed the situation to be. And that does not implicate the Fourteenth Amendment. And I see I'm running out of time. I'd like to reserve the balance of my time for rebuttal. You may do so, counsel. We'll hear from the county. Yes, thank you. Good morning to you all. I'll try to be fairly brief this morning. I think that the pertinent question was the first one asked from our perspective, because based on the record, and assuming those facts to be true, there's evidence to support a finding that Deputy Lankford set fire to this house. What is the evidence in the record that supports the fact that Deputy Lankford set the fire? Well, by way of background, there's evidence of ongoing animosity between the plaintiffs and Deputy Lankford. That doesn't help us with whether or not he set the fire, does it? Well, not in and of itself. It's just one part of the puzzle. Secondly. But answer the question you were asked. There's two points directly. One is that within approximately 5 to 10 seconds of being aware that the fire started, Elizabeth Moropoulos runs outside, sees a car on fire in addition to the house. The car is about 10 feet from the house. Runs immediately to the backside of the house and sees Deputy Lankford standing there with his arms crossed with a smirk on his face. And importantly, that was before 911 was called, before any firefighters arrived at the scene. So he's there immediately upon the fire being set. And he's on duty at the time? He's in uniform. In uniform. And he, was there some evidence that he actually was staying nearby? No. No? None. Okay. So that's as far as the temporal proximity of him. If there was evidence in the record that he was merely responding like other people and wasn't there before firefighters, before 911, then I think we'd have a different factual scenario that Judge Hatter did not have. So we believe that strong circumstantial evidence to support a potential finding, he's the only one on the property when the fire starts with no one else there. When 911 wasn't even called yet, with no explanation in the record of why would he be on their property? Was he found with the open flame device? Or was he found with anything that would imply? No. So that's part of it. And I realize that in considering that fact, that was considered without referencing at this point the declaration. We do believe, though, that the declaration was properly considered by Judge Hatter. The expert declaration? Yes. But doesn't that just point out why this all has to do with sufficiency of the evidence and, therefore, we lack jurisdiction to go there? Right. That's the other issue I'd like to address, which was also properly asked. Because the court sent out a memo to both sides to brief that issue, I think, appropriately. Because my understanding is the interlocutory appeal on an issue of qualified immunity should really go to a case that's really decided on a legal issue. And the court of appeals should not be in the position of revisiting the sufficiency of the evidence or re-deciding disputed issues of fact on this type of appeal. Well, we can't really. Right. Which is why I think when you're asking, is someone going to say that a police officer in uniform setting a fire to someone's house and then interfering with rescue efforts, in this case, two children died, another child, Nathan, who is mentally disabled, had third degree burns over most, a large part of his body. To say that does not violate the Constitution would be difficult to imagine that argument. And to say that maybe that was only negligence. I think based on the record Judge Hatter had before him, that he decided that there were disputed issues of fact and that the law, assuming the plaintiff's version is true, is clearly established. So we think he made the right decision. Thank you very much. Before you sit down, Mr. Sakai would be happy to have a remand here. What's your view? I'm not sure what the – I agree. I think it would – I don't know what that would accomplish. All right. I don't think it would accomplish anything. All right. Thank you, counsel. Mr. Sakai, you have some reserve time. I just have two very brief points. The issue that Defendant Lankford is concerned about here is the deprivation of the right to a qualified immunity review, because as in the court in Johnson said, the petitioners were worried about, well, what if the district court just fails to make any type of ruling at all? Wouldn't that effectively deprive the public official of a qualified immunity appeal? Because, you know, they would always point to, well, it's a question of sufficiency of evidence, so we have no jurisdiction. This is that case where the appellate court, it's putting the uncomfortable position of having to – Well, no, it's not really. It's not really, because if you look at his order and read the record, we can see that there's a number of evidentiary disputes in the record. We can see that by looking at the record. And on that review, when the court looks at the entire record, what Defendant's position is that, taking all the evidence that was properly before the court, that even in the light most favorable to plaintiffs, which we discussed earlier, that that does not implicate a clearly – or does that not – that does not violate a clearly established right. And that's where I would disagree with you. We take all of the evidence they put in, you know, as the first question, the very first question was asked of you. There's no doubt that it's a constitutional violation. Yes, Your Honor. And finally, I think I'm just repeating the point, but it's Defendant's position that, taking all the evidence that was properly before the court and properly considered by the district court, that there was no clearly established right. Thank you, counsel. The case just argued will be submitted for decision. And we will hear argument next in Boyd v. The City of Hermosa Beach.
judges: O'scannlain, Rymer, Wardlaw